## In re GOLDNER-SIEGEL CORPORA-TION.
### No. 428.

Circuit Court of Appeals, Second Circuit.
June 4, 1934.

David H. Perlman, of New York City, for appellant.

Ira H. Ruben, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Goldner-Siegel Corporation organized in December, 1932, was adjudged a bankrupt by the order appealed from on November 13, 1933. The petition was filed July 3, 1933, and an answer was interposed raising the issue of insolvency, which was considered below. Appellee, a petitioning creditor, was owed $4,720.63 for goods sold to the appellant, when it petitioned the corporation into bankruptcy. Appellee did not endeavor to collect its debt by suit. The bankrupt claimed it had a defense of breach of warranty for the merchandise sold. The bankrupt was controlled by Benjamin and Louis Goldner. Each owned 10 shares of stock and managed the affairs of the corporation, drawing a reasonable salary therefor. Although the salaries were increased later, they were not paid.

The issue of insolvency on July 3, 1933, is raised on this appeal. Its determination depends on whether an advance of $2,500, made by Sadie Goldner, wife of Louis Goldner, was an investment in the corporation or a loan. If the former, the corporation was solvent; if the latter, insolvent. In January, 1933, she advanced $2,500, and the corporation received it and issued 10 shares of stock to her. In April when the corporation's books were written up by an accountant, it was entered as a loan. Benjamin Goldner paid $300 for his 10 shares; Louis Goldner paid $400 for 10 shares purchased from Siegel. Both Sadie Goldner and Louis Goldner testified that the transaction was an investment. The accountant who made the entry said it was entered as a loan without any knowledge or advice of the circumstances of the advance.

■■ The master found it was an investment, but the District Court reversed that finding, declaring it to be a loan. No mere suspi-

cion that it was a loan can overcome the evidence supporting the findings. If it is treated as an investment and the receivables balanced against the liabilities, the corporation is solvent by $185.32. The finding that it was an investment was made by a referee who saw and heard the witnesses. That finding should have been accepted, for it does not appear that the referee has made a mistake. In re Gordon & Gelberg, 69 F.(2d) 81 (C. C. A. 2); In re Slocum, 22 F.(2d) 282 (C. C. A. 2).

Order reversed.